No. 4168.

(Court of Appeal, Parish of Orleans.)

## RUDDOCK ORLEANS CYPRESS CO. vs. CHAS. deLUPPE et al.

1. In an action by the creditors to annul a simulated sale of their debtor's property, such creditors enjoy privileges which would be denied to the debtor.
2. But, in a suit to make out title for their debts, the rights and privileges of the creditors are precisely the same as those of the debtor himself.
3. The rule is that parol evidence is inadmissible to affect title to real estate, and jurisprudence does not recognize as an exception the case, where the purpose o fthe suit is to bring into the estate of the debtor property that has never formed any part of it.

Appeal from Civil District Court, Division "D."

Hall & Monroe, for Plaintiff and Appellant.

Emile Pomes & John M. Sheridan, for Defendant and Appellee.

DUFOUR, J. The plaintiff has appealed from a judgment sustaining an exception of no cause of action to a petition which, in substance, makes the following allegations: That petitioner is a judgment creditor of· Charles de Luppe and that the latter refuses to pay such judgment and has no property standing in his name against which execution can issue.

That certain described real estate is in reality and fact the property of de Luppe and belongs to him alone.

That said property, prior to her death was by de Luppe's mother transferred to his daughter, Marie, by Notarial act duly registered. That the alleged ocnsideration stated in said sale of $1300 in cash and the assumption of a mortgage note of $150 was not the true consideration and that no cash whatsoever was paid, but that said property was transferred as aforesaid for the sole purpose of attempting to evade the creditors of de Luppe and was in reality transferred for account and for the benefit of de Luppe and belongs to him.

That the said Cha les de . . . . . les in said property and has had and still has full c. n. l and absolute control thereof, it being well understood between himself and his daughter that she holds title to the same nominally, for his account and subject in all respects to his control and possession. The prayer is for judgment decreeing the property to belong to deLuppe and to be subject to his debts and to execution against him. The argument presented by the appellant here is that "wherever and whenever a debtor holds or owns property, whether formerly belonging to him, or transferred at his instance by a third person to another for the debtor's account, and that transfer is a mere sham and simulation, the creditors has a right to sue to annul such transfer, and have the property placed in the name of the real owner thereof."

The appellee's answer to the foregoing is that parol evidence is not admissible "to show that Miss de Luppe is a person interposed and that she acquired the property for the account of Charles de Luppe, and that the allegations of the petition disclose that, at no time before the said transfer, was Charles de Luppe the owner of the property, or that he, at any time, contributed a cent towards the acquisition of the same."

In Mouret vs. Vitry, 15 An. 653, it was said that "in an action by the creditors to annul a simulated sale of their debtor's property, such creditors enjoy privileges which would be denied to the debtor, but, in a suit to make out title for their debtor, the rights and privileges of the creditors are precisely the same as those of the debtor himself." In Hoffman vs. Ackerman, 110 La. 1071, in which the allegations appear to have been of the same character as the allegations in this suit, a judgment creditor sought to have property, standing in the conveyance records as that of Miss Peters, decreed to belong to Miss Ackerman, on the grounds that it belonged in reality to the latter and that the former was a party interposed.

In finally disposing of the case, on rehearing, the Supreme Court said:

"On further consideration, and after re-argument, the Court is satisfied thatit erred in holding that parol evidence is admissible in this case. The rule is that parol evidence is inadmissible to affect title to real estate (Civil Code, Articles 2440, 2275),

and the effect of admitting it in this case would be to transfer the title to the square of ground in question from Miss Peters to Miss Ackerman.

"The rule is not without its exceptions, and among them are the familiar examples where the creditor seeks by the revocatory action, or the action en declaration de simulation, to bring back into the estate of the debtor property which the debtor has fraudulently transferred; but this Court has steadily refused to recognize as an exception to the rule the case where the purpose is to bring into the estate of the debtor real estate that has never formed any part of it."

Considering that, in this suit the property never formed part of the debtor's estate, that no allegation is made of written proof by counter letter, and that the only basis fo rthe annulment alleged is an understanding between de Luppe and his daughter "that she holds title nominally for his account and subject in all respects to his control and disposal," we have reached the conclusion that this case must be governed by the rulings cited above.

Judgment affirmed.

April 22d, 1907.


## ON APPLICATION FOR REHEARING.

1.  The latter clause of Art. 2275 R. C. C. being an exception to the general rule and affecting merely the vendor and vendee of immovable property, cannot be involved by persons not occupying that relation to each other.
2.  Where immovaole property is really bought by one party and the title is made to another party who was interposed for certain purposes, there is no relation of vendor and vendee between the real purchaser and the interposed person.

DUFOUR, J. We reiterate the statement alreay announced that the petition does not suggest any written proof and that the reference to the understanding between de Luppe and his daughter is suggestive of parol proof exclusively. It is now said that "the Court is in error in failing to take into consideration Art. 2275 R. C. C., which reads as follows:

"Every transfer of immovable property must be in writing,

308

but, if a verbal sale or other disposition of such property be made, it shall be good against the vendor as well as against the vendee who confesses it, when interrogated on oath, provided actual delivery has been made of the property thus sold."

The latter clause of the article, being an exception to the general rule and affecting merely the vendor and the vendee, cannot properly be extended to apply to parties not occupying that relation to each other.

De Luppe is neither vendor not vendee; his mother was the vendor and his daughter, the vendee.

In Barbin vs. Gaspard, 15 An. 539, the plaintiff sued to recover a slave in the possession of Snoddy, who was alleged to be a person interposed to protect a debtor from the pursuit of his creditor.

The plaintiff sought to bring her case within the provision of Art. 2275, and the Court said:

"It is to be observed, in the first place, that the relation of vendor and vendee, as contemplated by the article does not exist between plaintiff's case may well be questioned."

De Luppe's creditors can have no greater right in the premises than has de Luppe.

Reahearing refused.

May 6, 1907.

Writ granted by Supreme Court May 29, 1907.

Reversed and remanded by Supreme Court, October, 21 1907.